[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUL 10, 2006
THOMAS K. KAHN
CLERK

No. 05-16929
Non-Argument Calendar

_____

D. C. Docket No. 03-00024-CR-FTM-29DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELIZABETH MARIE MORSE THOMPSON,
a.k.a. Lisa Thompson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 10, 2006)

Before CARNES, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Elizabeth Marie Morse Thompson appeals her 240-month concurrent sentences for (1) conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine and five grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), (b)(1)(B)(iii), and 846; and (2) two counts of possession with intent to distribute a detectable amount of a mixture or substance containing cocaine base, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). After review, we affirm.

## I. BACKGROUND

On two separate dates, Thompson sold cocaine base to an Drug Enforcement Agency ("DEA") informant outfitted with electronic surveillance equipment. A search of Thompson's apartment found a small amount (88 milligrams) of crack cocaine, digital scales and various items of drug paraphernalia. Thompson admitted to officers that she had been selling cocaine since 1999 and that she would sell up to a half ounce daily. At trial, various drug purchasers and dealers testified that Thompson either sold them drugs or received shipments of their drugs. Additionally, two witnesses testified that they each had made drug deliveries for Thompson.

2

The jury convicted Thompson of the above-mentioned counts. The verdict form indicated that the jury found that the conspiracy count involved "500 grams or more" of cocaine and "five (5) grams or more" of cocaine base, crack cocaine.

At her first sentencing, the Presentence Investigation Report ("PSI") attributed 1.5 kilograms of cocaine base to Thompson. However, at the sentencing hearing, the government stated that it did not object to the lesser amount of 500 grams of cocaine base because it did not affect the Guidelines range. The district court rejected Thompson argument that she should be held accountable for less than 500 grams, stating:

> "[I]n good faith, I can't find that there's less than 500 grams. But for the government's concession, I'd find that there's over 1.5 kilograms of crack cocaine, based upon the testimony I find credible. The Court is willing to accept the government's concession that there's at least 500 grams of crack cocaine and change paragraph 38 to offense level 36.
> I understand the testimony is disputed. I heard it all. I read it all. It's just very clear to me that certainly by a preponderance of the evidence there's more than 500 grams of crack cocaine involved and that the defendant was involved with this amount.

Thus, the district court overruled Thompson's drug quantity objection, finding by a preponderance of the evidence that Thompson's offenses involved 500 grams of cocaine base. The district court sentenced Thompson under a mandatory Guidelines scheme to a 360-month sentence, at the low-end of the Guidelines range. In so doing, the district court expressed the desire to impose a more lenient

3

sentence than was permitted by the Guidelines.

Thompson appealed. On September 1, 2005, this Court affirmed Thompson's conviction, but vacated and remanded in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), for resentencing under the advisory Guidelines. See United States v. Thompson, 422 F.3d 1285, 1300-01 (11th Cir. 2005).

At resentencing, the district court stated that it wanted to impose a sentence below the advisory Guidelines range, but noted that most factors, aside from Thompson's family background, weighed against a below-Guidelines sentence. The district court acknowledged the sentences of Thompson's co-defendants and recounted Thompson's lengthy history with drug abuse and criminal activity. After noting the advisory Guidelines range and the factors in 18 U.S.C. § 3553(a), the district court imposed below-Guidelines concurrent sentences of 240 months. Thompson stated that she had no objection to the sentence. The district court then stated that it "recognize[d] that the sentence is ten years below the guidelines. And ten years is a significant sentence. But a sentence of 20 years is also significant, and, given all the factors in this case, it's my view that a 20-year sentence is sufficient in this case." Thompson appealed her sentences.

## II. DISCUSSION

For the first time on appeal, Thompson argues that the district court violated her Fifth and Sixth Amendment rights by finding by a preponderance of the evidence that Thompson was responsible for at least 500 grams of cocaine base.[1] We have repeatedly rejected this argument. When a district court applies the Guidelines in an advisory manner, it does not violate a defendant's Fifth and Sixth Amendment rights under Booker by finding facts and applying extra-verdict enhancements. See United States v. Chau, 426 F.3d 1318, 1323-24 (11th Cir. 2005); United States v. Rodriguez, 398 F.3d 1291, 1301 (11th Cir.), cert. denied, 125 S. Ct. 2935 (2005). Here, the district court applied the Guidelines in an advisory fashion and, consequently, any judicial fact-finding done by the district court as to drug quantity and extra-verdict enhancements did not violate Thompson's Fifth and Sixth Amendment rights.

Thompson also asserts that her sentence is unreasonable under Booker. After Booker, the district court must correctly calculate the defendant's Guidelines range and then, using the factors in 18 U.S.C. § 3553(a), the court may impose a more severe or more lenient sentence as long as it is reasonable. See United States

---

[1]Because Thompson did not raise Fifth or Sixth Amendment objections below, we review for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S. Ct. 2935 (2005); Fed. R. Crim. P. 52(b). To prove plain error, the defendant must establish that (1) there is an error, (2) the error is plain, and (3) it affects substantial rights. Rodriguez, 398 F.3d at 1298. "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation marks omitted).

5

v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005). We review a defendant's sentence for unreasonableness in light of the factors listed in 18 U.S.C. § 3553(a) and the reasons given by the district court. United States v. Williams, 435 F.3d 1350, 1354-55 (11th Cir. 2006).[2] Our review is deferential, and "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." Id.

Here, we cannot say that Thompson's concurrent 240-month sentences were unreasonable. Thompson does not challenge the district court's Guidelines calculation, which resulted in an advisory Guidelines range of 360 months to life imprisonment. The 240-month sentences fall 120 months below the low end of the Guidelines range and well below the statutory maximum of life. The district court explicitly considered Thompson's offense conduct, criminal history, family background, and the sentences of Thompson's co-defendants, all circumstances falling within § 3553(a)'s factors, and determined that a sentence ten years below

_____

[2]Because Thompson's challenge to the reasonableness of her sentence fails under reasonableness review, it is not necessary to determine, as the government asserts, whether she is only entitled to plain-error review.

the advisory Guidelines range was sufficient.  <u>See</u> 18 U.S.C. § 3553(a)(1)-(2), (6);

see also <u>United States v. Scott</u>, 426 F.3d 1324, 1329 (11th Cir. 2005) (explaining

that the district court is not required to consider explicitly each § 3553(a) factor).

Nothing in the record convinces us that Thompson's concurrent 240-month

sentences are unreasonable.

**AFFIRMED.**